**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 01-7787**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID MOE ROBINSON,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, District Judge.  (CR-92-51-JFM, CA-01-1821-JFM)

———————————

Submitted:  January 9, 2002        Decided:  January 24, 2002

———————————

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

David Moe Robinson, Appellant Pro Se.  Andrea L. Smith, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Moe Robinson seeks to appeal the district court's orders denying relief on his motions filed under 28 U.S.C.A. § 2255 (West Supp. 2001), and Fed. R. Civ. P. 60(b).[1]  We dismiss the appeal for lack of jurisdiction because Robinson's notice of appeal was not timely filed.

In actions where the United States is a party, parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).  This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying § 2255 relief was entered on the docket on July 9, 2001.  Robinson timely moved to extend the appeal period under Rule 4(a)(5), which the district court granted on October 17, 2001.  Robinson therefore had ten days after entry of the order granting the extension of time in which to file his notice of appeal—that is, until October 29, 2001.[2]  Despite this

---

[1] Although styled as a motion under Fed. R. Civ. P. 59(e), the motion actually was a motion under Fed. R. Civ. P. 60(b) because Robinson filed it more than ten days after entry of judgment. See Small v. Hunt, 98 F.3d 789, 797 (4th Cir. 1996).

[2] The tenth day fell on Saturday, October 27, 2001, so Robinson had until Monday, October 29 to file his notice of appeal.

extension, Robinson did not file his notice of appeal from the denial of § 2255 relief until November 2, 2001. Because Robinson failed to file a timely notice of appeal after obtaining an extension, we lack jurisdiction to review the district court's July 9 order denying § 2255 relief.

We also lack jurisdiction to consider Robinson's appeal of the district court's order denying Rule 60(b) relief. The district court entered its order on August 14, 2001. Because Robinson failed to obtain an extension or reopening of the sixty-day appeal period, his notice of appeal filed on November 2, 2001, was untimely.

Accordingly, we deny Robinson's motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

See Fed. R. App. P. 26(a).

3